---

## WHELAN *v.* NEW YORK, L. E. & W. R. Co.

*(Circuit Court, N. D. Ohio, E. D.* February 19, 1889.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—GATES.

   A railroad company, having established at a street crossing a gate under the care of a flagman, is bound to close the gate when its cars are passing over the crossing, to give a reasonable warning by whistle or bell, and to pass the crossing at a reasonably safe speed.

2. SAME.

   When a gate established by a railroad company at a street crossing is open, a street-car driver may assume that the track is clear and safe, and is not negligent for passing through the gate without stopping to look or listen for a train.

3. SAME—STOPPING AFTER PASSING GATE.

   Nor is it negligence, after passing the gate, to stop and look and listen before crossing the track, if ordinary prudence or care be exercised to cross the the track, and avoid injury.

4. SAME—COLLISION WITH STREET-CAR—IMPUTED NEGLIGENCE.

   In a collision between a railroad train and a street-car, at a street crossing, if the railroad servants are negligent the negligence of the street-car driver cannot be imputed to a passenger in the street-car, who is injured.[1]

[1] On the general subject of negligence imputed to a passenger, see Railroad Co. v. Cooper's Adm'r, (Va.) 9 S. E. Rep. 321; Railroad Co. v. Kutac, (Tex.) 11 S. W. Rep. 127, and note; Shaw v. Craft, 37 Fed. Rep. 317, and note.

5. SAME—PROXIMATE CAUSE.
   But the railroad company is not liable if the injury to the passenger was due solely to the negligence of the street-car driver.

6. SAME—RATE OF SPEED—VIOLATION OF ORDINANCE.
   The ordinances of a city regulating speed of trains and train signals do not change the general law on the subject, nor change the rights and duties of the parties growing out of obedience or disobedience of the ordinance.

7. DAMAGES—FOR PERSONAL INJURIES.
   In assessing damages for personal injuries, the jury should take into account expenses incurred for medical attendance and nursing, compensation for pain and suffering, loss of what might otherwise have been earned in business or profession, and of what the injured person has been deprived of earning by any permanent disability, so far as the result of the injury.

8. SAME—EVIDENCE—ANNUITY TABLES.
   Standard life and annuity tables are competent evidence in determining such damages.

At Law.

Action by William J. Whelan against the New York, Lake Erie & Western Railroad Company, for damages for personal injuries. Plaintiff was in a street-railroad car in the city of Youngstown as a passenger. As the street-car was passing the crossing of the defendant's railroad, a locomotive ran into it, knocking it off the track, and throwing plaintiff from the car upon the ground, injuring him severely. Plaintiff alleges that defendant was guilty of negligence in not closing the gate it had established across the street on which the street-car was approaching towards the crossing, at the time the engine was about crossing the street-car track; that there were no proper signals given of the approach of the train; and that the engine was running at a dangerous speed at the time. This negligence was denied by the defendant, and it also alleged contributory negligence on behalf of the plaintiff. The evidence showed that the gate was not closed at the time of the collision; that the street-car passed through it. There was a conflict of evidence whether the street-car was stopped after passing the gate, and before the collision, also a conflict as to the ringing of the bell of the engine, and as to the speed thereof at the time. There was not shown, in the proof, any negligence or want of care in the crossing on the part of the plaintiff himself, but the defendant claimed the car-driver was guilty of contributory negligence that must be imputed to the plaintiff, and so prevent his recovery. For opinion on motion to remand to state court, see 35 Fed. Rep. 849.

A. W. Jones, R. B. Murray, and W. S. Anderson, for plaintiff.
S. E. Williamson and Hine & Clarke, for defendant.

WELKER, J.; charged the jury, among other things:

1. That it was the duty of the defendant, having placed across the street near its crossing a gate under the care of its flagman, as a reasonable precaution for the safety of persons passing over its track at the crossing, to close down the gate at times when its cars, trains, or engine were passing over the street crossing, and along its track, in order to make it reasonably safe for persons so passing. That it was the duty of defendant when about to pass over the street track to give such reasonable and proper

warning, by ringing of the bell or blowing of the whistle, of its intended crossing of the street, and to pass over the crossing at a reasonably safe speed. Failing to exercise such care would be negligence to the extent of such failure.

2. The gate being open, the car-driver had the right to suppose the track was clear, and was safe to cross, and was guilty of no carelessness in passing through the gate towards the crossing without stopping at the gate to look or listen for a passing engine.

3. It was not carelessness in the driver of the street-car, after passing the open gate, and immediately before crossing the track, to stop and look and listen for approaching engine, or to ascertain whether there was danger in proceeding across, if in so doing he exercised ordinary prudence or care in attempting to cross the track and avoid injury. That if, in so stopping and listening and looking, he discovered the engine approaching at a dangerous speed, or in close proximity to the crossing, it was, in the face of such danger, negligence on the part of the driver to attempt to cross the track.

4. That the plaintiff at the time was only a passenger in the car. He had, nor could have had, no control in the management of the car,—of of its stopping or going on; and not in a situation to himself look out for, or prevent, danger in crossing the railroad track. I direct you, therefore, that if the evidence shows no fault of omission or commission in the conduct of the plaintiff or negligence on his part contributing to his injury, the negligence of the driver, if guilty of any negligence, cannot be imputed to the plaintiff so as to prevent his recovery in this case, if it is shown that the defendant was guilty of negligence which produced the injury, or directly contributed thereto.

5. That, if the injury to the plaintiff was occasioned solely by the carelessness of the driver of the street-car, the defendant cannot be held liable for the injury thus produced.

6. That the ordinances of the city of Youngstown regulating the speed of trains passing through the city, or the blowing of the whistle on engines, are only police regulations, and do not have the effect of changing the general law upon the same subject, or change the duties or rights of the parties growing out of the failure to do, or doing, what the ordinance commands or prohibits.

7. That the assessment of damages to the plaintiff, if the jury find for the plaintiff, was under the control of the jury. That there were certain elements to be taken into account in such assessment, such as reasonable compensation, so far as it is susceptible of an estimate in money for loss and damage caused to him by the defendant's negligence, including not only expenses incurred for medical attendance and nursing, and a reasonable sum for his pain and suffering, but also a fair compensation for the loss of what he would otherwise have earned in his profession or business, and has been deprived of earning by any permanent disability shown to have been sustained by the wrongful act of the defendant. That if the plaintiff, before the injury complained of, was already suffering under permanent disability, then the defendant would be liable only

for such additional disability, as was the result of such injury. In ascertaining the damages for impaired ability to earn a livelihood, standard life and annuity tables are competent evidence to be considered.

Verdict for the plaintiff for $7,250.